UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TREMEKA DAVIS,<br><br>                         Plaintiff,<br><br>-against-<br><br>SEAN COMBS; SHAWN CARTER; CHRISTOPHER B. BRIDGES; EX BISHOP THOMAS DEXTER JAKES SR.; GREGORY WILLIAMS; MICHAEL DAVIS; BEYONCE KNOWLES,<br><br>                         Defendants. | 25-CV-4753 (LTS)<br><br>TRANSFER ORDER |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who resides in Houston, Texas, brings this *pro se* action alleging that Defendants violated her rights in Houston, Texas. Named as Defendants are Sean Combs, Shawn Carter, Christopher B. Bridges, Thomas Dexter Jakes, Sr., Gregory Williams, Michael Davis, and Beyonce Knowles. For the following reasons, this action is transferred to the United States District Court for the Southern District of Texas.[1]

## DISCUSSION

Under 28 U.S.C. § 1391(b), a civil action may be brought in

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . . ; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Plaintiff also filed another *pro se* action naming many of the same Defendants. *See Davis v. Combs*, No. 25-CV-4740 (LTS) (S.D.N.Y.). By order dated June 16, 2025, the Court also transferred that action to the Southern District of Texas.

For venue purposes, a "natural person" resides in the district where the person is domiciled, and an "entity with the capacity to sue and be sued" resides in any judicial district where it is subject to personal jurisdiction with respect to the civil action in question. *See* 28 U.S.C. § 1391(c)(1), (2).

Plaintiff does not plead the residence of any of the defendants, but she asserts that the alleged events giving rise to her claims occurred in Houston, Texas, which is located in Harris County, and falls within the Southern District of Texas. *See* 28 U.S.C. § 124(b). Even if the Court did assume that at least one defendant resides in this District and all defendants are residents of the State of New York, and venue, therefore, is proper here under Section 1391(b)(1), because the events giving rise to Plaintiff's claims occurred in Houston, venue would also be proper under Section 1391(b)(2) in the Southern District of Texas.

Under 28 U.S.C. § 1404(a), even if a case is filed in a jurisdiction where venue is proper, a court may transfer the case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a). In determining whether transfer is appropriate, courts consider the following ten factors: (1) the convenience of witnesses; (2) the convenience of the parties; (3) the locus of operative facts; (4) the availability of process to compel the attendance of the unwilling witnesses; (5) the location of relevant documents and the relative ease of access to sources of proof; (6) the relative means of the parties; (7) the forum's familiarity with the governing law; (8) the weight accorded to the plaintiff's choice of forum; (9) trial efficiency; and (10) the interest of justice, based on the totality of circumstances. *Keitt v. N.Y. City*, 882 F. Supp. 2d 412, 459-60 (S.D.N.Y. 2011); *see also N.Y. Marine and Gen. Ins. Co. v. LaFarge No. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010) (setting forth similar factors).

Under Section 1404(a), transfer appears to be appropriate in this case. The underlying events occurred in Houston, Texas, where Plaintiff resides, and it is reasonable to expect that any relevant documents and witnesses also would be in Houston. The Southern District of Texas appears to be a more convenient forum for this action. Accordingly, the Court transfers this action to the United States District Court for the Southern District of Texas. 28 U.S.C. § 1404(a); *see D.H. Blair & Co. v. Gottdiener*, 462 F.3d 95, 106 (2d Cir. 2006) ("District courts have broad discretion in making determinations of convenience under Section 1404(a) and notions of convenience and fairness are considered on a case-by-case basis.").

## CONCLUSION

The Clerk of Court is directed to transfer this action to the United States District Court for the Southern District of Texas. Whether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court. A summons shall not issue from this court. This order closes this case in this court.

The Court certifies, under 28 U.S.C. § 1915(a)(3), that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   June 17, 2025
         New York, New York

                                       /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                       Chief United States District Judge